UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ED PENNING,<br><br>Plaintiff,<br><br>v.<br><br>THE DAILY CALLER, INC.,<br><br>Defendant. | Civil Action No. 24-CV-02662-JDB |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT THE DAILY CALLER, INC.'S MOTION TO DISMISS**

On September 17, 2024, Plaintiff Ed Penning filed a complaint against Defendant The Daily Caller, Inc. ("Daily Caller") alleging that Daily Caller's use of Meta Pixel on its Website violated the Video Privacy Protection Act (VPPA). (*See* ECF No. 1.)

On November 12, 2024, Daily Caller filed a motion to dismiss Plaintiff's complaint, identifying several independent reasons that Plaintiff's allegations, taken as true, fail to state a plausible VPPA claim. (*See* ECF No. 9-1.) One of the primary arguments Daily Caller raised in its motion was that Plaintiff's complaint fails to plausibly allege facts sufficient to establish that his Facebook ID could be used by an ordinary person to identify him, as required under the Third and Ninth Circuits' "ordinary person" standard. (*See id.* at pp. 16–17; *see also* ECF No. 13 at p. 15.)

In opposition to Daily Caller's motion, Plaintiff argued that the Court should reject the Third and Ninth Circuits' ordinary person standard and adopt the standard articulated by the First Circuit in *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 486 (1st Cir. 2016). (ECF No. 12 at p. 20.)

On January 24, 2025, Daily Caller filed its reply, reiterating that the Court should apply the ordinary person standard adopted by the Third and Ninth Circuits. (ECF No. 13 at pp. 14–16.)

Months after Daily Caller filed its reply, on May 1, 2025, the Second Circuit joined the Third and Ninth Circuits in adopting the "ordinary person" standard and rejecting the standard articulated in *Yershov*. *See Solomon v. Flipps Media, Inc.*, No. 23-7597-CV, 2025 WL 1256641 (2d Cir. May 1, 2025). The Second Circuit's opinion not only supports the standard Daily Caller argues should apply here, it also affirmed the trial court's dismissal of a VPPA claim based on allegations substantially similar to those alleged in this case. A copy of the Second Circuit's opinion is attached as Exhibit A for the Court's convenience.

Given its recency and relevance, Daily Caller respectfully requests that the Court take into consideration the Second Circuit's holding in *Solomon* when deciding Daily Caller's motion to dismiss.

Date: May 9, 2025

Respectfully submitted,

*/s/ Lauren Russell*

Lauren Russell
BALLARD SPAHR LLP
1909 K Street, NW 12th Floor
Washington, DC 20006
(202) 661-2200
russelll@ballardspahr.com

J. Matthew Thornton (admitted *pro hac vice*)
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
(612) 371-6207
thorntonj@ballardspahr.com

*Counsel for Defendant The Daily Caller, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 9th day of May 2025, I caused a true and correct copy of the foregoing Notice of Supplemental Authority, to be served on all counsel of record via the Court's CM/ECF System.

*/s/ Lauren Russell*
Lauren Russell