**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ED PENNING<br><br>Plaintiff,<br>v.<br><br>THE DAILY CALLER, INC.,<br><br>Defendant. | Civil Action No. 24-CV-02662-JDB |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Ed Penning, by and through undersigned counsel, submits this Notice of Supplemental Authority in response to Defendant The Daily Caller, Inc.'s notice of supplemental authority apprising this Court of *Solomon v. Flipps Media, Inc.*, No. 23-7597-cv (2d Cir. May 1, 2025). *See* ECF No. 14.

1. Plaintiff writes to inform the Court of a recent decision related to similar allegations as the pleading and the briefing in opposition to Defendant's Motion to Dismiss in this case. The decision was issued by the United States District Court for the Southern District of Florida, and it is captioned: *Kueppers v. Zumba Fitness LLC*, No. 0:24-cv-61983, ECF No. 23 (S.D. Fla. May 8, 2025). Plaintiff could not have cited this authority previously because the decision was issued on May 8, 2025, well after briefing had closed in the instant matter.

2. In *Kueppers*, the Third Circuit's decision in *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 284 (3d Cir. 2016) was addressed by the court when it explained that:

> There is evidence from the *Nickelodeon* opinion that the Third Circuit didn't specifically raise the standard for who needed to be able to tie the disclosure to an individual person. Instead, the court's holding seems to be about the ease with which one could draw the connection between the numerical identifier disclosed and the individual video consumer. *See Nickelodeon*, 827 F.3d at 284 ("Our review

> of the legislative history convinces us that Congress's purpose in passing the Video Privacy Protection Act was quite narrow: to prevent disclosures of information that would, with little or no extra effort, permit an *ordinary recipient* to identify a particular person's video-watching habits.") (emphasis added). **This "ordinary recipient" language suggests that its holding applies to any recipient, not an "ordinary person" in the legal sense of the term.**

*See id.*, at page 8.

3. The court in *Kueppers* then rejected the 'ordinary person' standard, explaining that:

> **In the absence of binding precedent, Court finds ample support from case law and from the statute itself for the proposition that, so long as the person or entity receiving the disclosure could reasonably and foreseeably identify which videos a person has obtained, Plaintiff sufficiently alleges a violation of the statute**. *See Yershov*, 820 F.3d at 486. Here, the Complaint alleges Defendant intentionally installed the Meta Pixel which transmitted to Meta Plaintiffs' Facebook IDs in conjunction with the URL link to the training course purchased. And certainly, (contrary to Defendant's ancillary point), "Meta can easily 'link' the FID to a specific user." *Li v. Georges Media Grp. LLC*, No. CV 23-1117, 2023 WL 7280519, *4 (E.D. La. Nov. 3, 2023); see also Compl. ¶ 51 (quoting Meta's developer guide as stating that "a Meta Pixel installed on a company's website allows Meta to 'match [] website visitors to their respective Facebook User accounts.'").
>
> **In the alternative, Plaintiffs argue that, to the extent there is an ordinary person requirement, Plaintiff has alleged an ordinary person could tie the videos to the consumers. The Court agrees.** *See Martinez v. D2C, LLC*, No. 23-21394-CIV, 2023 WL 6587308, at *4 (S.D. Fla. Oct. 10, 2023) (assuming without deciding the ordinary person standard applied, but finding Plaintiff nonetheless stated a claim where it alleged the Facebook ID was disclosed because "[t]he [Facebook ID] is a unique identifier that is enough, on its own, to identify a person.") (quoting *Sellers*, 2023 WL 4850180 at *4).

*See id.*, at page 9-10.

4. A copy of the *Kueppers* decision is attached as **Exhibit A** for the Court's convenience.

Respectfully submitted,

May 9, 2024

/s/ *Tyler Somes*
Tyler Somes
Hedin LLP
1100 15th Street NW, Suite 04-108
Washington DC, 20005
(202) 900-3332
tsomes@hedinllp.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2025, a true and correct copy of the foregoing Consent Motion was filed using this Court's Electronic Case Filing system, which delivered a copy to all counsel of record.

*/s/ Tyler Somes*
Tyler Somes