**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ED PENNING<br><br>Plaintiff,<br>v.<br><br>THE DAILY CALLER, INC.,<br><br>Defendant. | Civil Action No. 24-CV-02662-JDB |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Ed Penning, by and through undersigned counsel, submits this Notice of Supplemental Authority in response to Defendant The Daily Caller, Inc.'s notice of supplemental authority apprising this Court of *Solomon v. Flipps Media, Inc.*, No. 23-7597-cv (2d Cir. May 1, 2025). *See* ECF No. 14.

1. Plaintiff writes to inform the Court of a recent decision related to similar allegations as the pleading and the briefing in opposition to Defendant's Motion to Dismiss in this case. The decision was issued by the United States District Court for the Western District of Wisconsin, and it is captioned: *Dana Manza v. Pesi, Inc.*, No. 3:24-cv-00690, ECF No. 38 (W.D. Wis. May 20, 2025). Plaintiff could not have cited this authority previously because the decision was issued on May 20, 2025, well after briefing had closed in the instant matter.

2. In *Manza*, the Court considered and rejected the "ordinary person" standard for the definition of "personally identifiable information" as that term appears in the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710(a)(3).

3. The Court in *Manza* expressly engaged with the Second Circuit's reasoning in *Solomon*. It wrote:

> The courts that have adopted the "ordinary person" standard have identified little textual basis for the limitation they impose. *Solomon* acknowledged that the plain language of the VPPA was broad enough "to encompass computer code and digital identifiers," but the court concluded that the statute is "more naturally read as referring to information that would permit an ordinary person to learn another individual's video-watching history," 2025 WL 1256641, at *9, without explaining why.
>
> . . .
>
> Rather than rely on the text, the courts adopting an "ordinary person" test have concluded that the meaning of PII is ambiguous in the VPPA, and they rely on other tools of statutory construction to support a narrower reading. *See, e.g., Nickelodeon*, 827 F.3d at 284. But the reasons they provide are not persuasive.

*See id*. at 10-17 (describing why the "ordinary person" standard is not persuasive and why the "reasonable and foreseeable" approach of *Yershov v. Gannett Satellite Information Network, Inc.*, 820 F.3d 482, 486 (1st Cir. 2016) better conforms to the statutory text of 18 U.S.C. § 2710(a)(3) and apparent underlying legislative intent).

4. A copy of the *Manza* decision is attached as **Exhibit A** for the Court's convenience.

Respectfully submitted,

May 20, 2024

/s/ *Tyler Somes*
Tyler Somes
Hedin LLP
1100 15th Street NW, Suite 04-108
Washington DC, 20005
(202) 900-3332
tsomes@hedinllp.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, a true and correct copy of the foregoing Consent Motion was filed using this Court's Electronic Case Filing system, which delivered a copy to all counsel of record.

*/s/ Tyler Somes*
Tyler Somes